## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

**TODD STEPHEN ADDINGTON,**     )
                                 )
       **Plaintiff,**             )
                                 )
**v.**                                )       **Civil Action No.** _2:18-cv-1398_
                                 )
**STEVEN BLAKE,**              )
**individually as a member of the**    )
**West Virginia State Police,**       )
                                 )
       **Defendant.**          )
_____)

## COMPLAINT

**COMES NOW**, Plaintiff Todd Stephen Addington, by counsel, and for his Complaint states and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343 and under this Court's authority to decide pendent state law claims.

2.      Plaintiff files this Complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Specifically, Plaintiff alleges that his rights under the Fourth Amendment to the United States Constitution and under Article III, Sections 6 and 10 of the West Virginia Constitution were violated by Defendant Steven Blake when he used excessive and unlawful force during the course of the detainment and arrest of Plaintiff on July 15, 2017 in Nicholas County, West Virginia.

3.      Venue is proper because the above-named Defendant resides within the Southern District of West Virginia, Charleston Division, and because the events that give rise to this action took place in the Southern District of West Virginia, Charleston Division.

## PARTIES

4.      Plaintiff Todd Stephen Addington (hereinafter "Plaintiff") was at all times relevant hereto a resident of Nicholas County, West Virginia.

5.      Defendant Steven Blake (hereinafter "Trooper Blake") was at all times relevant hereto a member of the West Virginia State Police and was at all times relevant hereto acting under color of law and within the scope of his employment.  Trooper Blake, having an address of P.O. Box 314, Canvas, Nicholas County, West Virginia, is sued only in his individual capacity.

6.      This Complaint was filed after Plaintiff complied with W. Va. Code § 55-17-3 by sending a certified letter to Attorney General Patrick Morrisey and West Virginia State Police Superintendent, Colonel J. L. Cahill on September 21, 2018.

7.      Pursuant to W. Va. Code § 55-17-3, a copy of this Complaint was mailed to Attorney General Patrick Morrisey after it was filed.

8.      Trooper Blake is sued up to the limits of the insurance policy which provides liability coverage for his actions and omissions.

## FACTS

9.      Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 8 as though fully set forth herein.

10.     On July 15, 2017, Trooper Blake was called to Plaintiff's parent's home in Cowen, West Virginia to assist the Nicholas County Sheriff's Department in arresting Plaintiff on charges of forgery and false uttering.

11.     Plaintiff temporarily evaded capture and then hid in the garage of the home.

12.     Trooper Blake found Plaintiff hiding in the garage, whereupon Plaintiff surrendered, raised his hands, did not resist arrest or further attempt to evade capture.

13.    Trooper Blake then, without justification or provocation, punched Plaintiff in the jaw with is fist, while wearing what are believed to be SAP gloves with weighted lead or steel knuckles.

14.    After the punch, Plaintiff fell to the ground, where Trooper Blake then kicked him repeatedly in the ribs.

15.    After the beating, Plaintiff was arrested and taken to the Webster Springs Detachment of the West Virginia State Police.

16.    As a result of the violent beating at the hands of Trooper Blake, Plaintiff suffered severe physical injuries, including but not limited to, a broken jaw.

17.    After his arrest, Plaintiff was taken to Central Regional Jail, where, after complaining of pain in his jaw, x-rays revealed that his jaw was broken.

18.    After his release from jail, Plaintiff sought treatment at Summersville Reginal Medical Center, where a CT scan again confirmed that his jaw was indeed broken and infected.

19.    Due to the severity of his injury, Plaintiff required two plates to be surgically implanted in his jaw at Ruby Memorial Hospital in Morgantown, West Virginia.

20.    At no point during his detainment and arrest was Plaintiff armed or suspected of being armed.

21.    At no point during his detainment and arrest did Plaintiff attack or assault Trooper Blake, nor did Plaintiff at any point resist arrest.

22.    At no point during his detainment and arrest would an objectively reasonable officer believe Plaintiff posed a threat to the safety of Trooper Blake or anyone else.

## COUNT I – EXCESSIVE FORCE UNDER 42 U.S.C. §1983

23.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22 as though fully set forth herein.

24.     Trooper Blake, while acting under color of law and within the scope of his employment as a West Virginia State Trooper, violated Plaintiff's constitutional rights by using excessive and unlawful force, as described hereinabove, during the detainment and arrest of Plaintiff on July 15, 2017, resulting in serious bodily injuries.

25.     The actions of Trooper Blake violated the constitutional rights guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

26.     The actions of Trooper Blake were not taken in good-faith, were objectively unreasonable, and were in violation of clearly established law.

27.     At all time relevant hereto, Trooper Blake did not have a reasonable fear of imminent bodily harm from Plaintiff, nor a reasonable belief that any other person was in danger of imminent bodily harm from Plaintiff.

28.     Trooper Blake's brutal acts were unlawful, unreasonable, and unjustified, as Plaintiff was unarmed, not resisting arrest, and posed no immediate threat to the safety of Trooper Blake or anyone else.

29.     As a direct and proximate result of Trooper Blake's unreasonable, unjustified, and unconstitutional beating, Plaintiff suffered severe, permanent, and debilitating injuries, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; pain and suffering both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

- 4 -

30.     In addition to these compensatory damages, Plaintiff will also seek to recover, under 42 U.S.C. § 1983, attorneys' fees and cost incurred during the course of this litigation.

31.     The actions of Trooper Blake against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under Trooper Blake's applicable insurance policy.

## COUNT II – STATE CONSTITUTIONAL VIOLATIONS

32.     Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 31 as though fully set forth herein.

33.     Trooper Blake, while acting under color of law and within the scope of his employment as a West Virginia State Trooper, violated Plaintiff's constitutional rights by using excessive and unlawful force, as described hereinabove, during the detainment and arrest of Plaintiff on July 15, 2017, resulting in serious bodily injuries.

34.     Count II alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia, and specifically is not filed pursuant to 42 U.S.C. § 1983 or any other related federal statute.

35.     The actions of Trooper Blake violated the constitutional rights guaranteed to Plaintiff under Article III, Sections 6 and 10 of the West Virginia Constitution.

36.     The actions of Trooper Blake also violated the constitutional rights guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

37.     The actions of Trooper Blake were not taken in good-faith, were objectively unreasonable, and were in violation of clearly established law.

38.     Trooper Blake's brutal acts were unlawful, unreasonable, and unjustified, as Plaintiff was unarmed, not resisting arrest, and posed no immediate threat to the safety of Trooper Blake or anyone else.

39.     As a direct and proximate result of Trooper Blake's unreasonable, unjustified, and unconstitutional beating, Plaintiff suffered severe, permanent, and debilitating injuries, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; pain and suffering both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

40.     The actions of Trooper Blake against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under Trooper Blake's applicable insurance policy.

## COUNT III – BATTERY

41.     Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 40 as though fully set forth herein.

42.     Trooper Blake committed battery upon Plaintiff, proximately causing severe and debilitating bodily injuries.

43.     As a direct and proximate result of Trooper Blake's brutal, unprovoked, and unjustified beating, Plaintiff suffered permanent and debilitating injuries, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; pain and suffering both in the past and in the future; an impairment of the capacity to

enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

44.     The actions of Trooper Blake against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under Trooper Blakes' applicable insurance policy.

## COUNT IV – NEGLIGENCE

45.     Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 44 as though fully set forth herein.

46.     At all times relevant hereto, Trooper Blake owed Plaintiff a duty of care.

47.     Trooper Blake, while acting within the scope of his employment as a West Virginia State Trooper, breached his duty of care to Plaintiff.

48.     As a direct and proximate result of Trooper Blake's breach of his duty of care, Plaintiff suffered severe and debilitating bodily injuries.

49.     As a direct and proximate result of Trooper Blake's brutal, unprovoked, and unjustified beating, Plaintiff suffered permanent and debilitating injuries, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; pain and suffering both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

50.     The actions of Trooper Blake against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff, thereby

justifying an award of punitive damages, to the extent such damages are recoverable under Trooper Blake's applicable insurance policy.

## <u>COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

51.     Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 50 as though fully set forth herein.

52.     The brutal beating of Plaintiff at the hands of Trooper Blake was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

53.     Trooper Blake acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain that emotional distress would result from his outrageous conduct.

54.     Trooper Blake's heinous actions caused Plaintiff to suffer severe emotional distress.

55.      The emotional distress was so severe, no reasonable person could be expected to endure it.

56.     As a direct and proximate result of Trooper Blake's brutal, unprovoked, and unjustified beating, Plaintiff suffered severe emotional distress; mental and emotional pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

57.     The actions of Trooper Blake against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under Trooper Blake's applicable insurance policy.

**WHEREFORE**, Plaintiff demands judgment in his favor against Trooper Blake in an amount to be proven at trial, together with pre-judgment and post-judgment interest; for all damages recoverable under law; for punitive damages; for his attorney's fees, expenses, and costs of litigation; and for such other and further relief this Honorable Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**TODD STEPHEN ADDINGTON**
**By Counsel**

*/s/ Russell A. Williams*
Eric J. Buckner (WVSB # 9578)
Russell A. Williams (WVSB # 12710)
Katz, Kantor, Stonestreet & Buckner, PLLC
112 Capitol Street, Suite 100
Charleston, WV  25301
(304) 431-4053
rwilliams@kksblaw.com