# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

TODD STEPHEN ADDINGTON,

        Plaintiff,

v.                              CIVIL ACTION NO. 2:18-cv-01398

STEVEN BLAKE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Before this Court is a motion to dismiss filed by Defendant Steven Blake ("Defendant"). (ECF No. 8.) For the reasons explained more fully herein, Defendant's motion, (ECF No. 8), is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Plaintiff Todd Stephen Addington ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 and West Virginia state law, alleging that Defendant, a West Virginia State Trooper, unlawfully beat him during his arrest and broke his jaw. (ECF No. 1.) Defendant moves to dismiss Plaintiff's claims for West Virginia constitutional violations and for negligence because they fail to state a claim for relief. (ECF No. 8; *see* ECF No. 1.)

Defendant filed his motion to dismiss on November 27, 2018. (ECF No. 8.) Plaintiff timely responded on December 11, 2018. (ECF No. 14.) Defendant filed a timely reply on

December 18, 2018. (ECF No. 15.) As such, Defendant's motion to dismiss, (ECF No. 8), is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its

2

judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III. DISCUSSION

#### A. State-Law Due Process Claim

Defendant asserts that Plaintiff's claim made pursuant to Article III, Section 10 of the West Virginia Constitution must be dismissed because he makes a claim under Article III, Section 6 of the West Virginia Constitution. (ECF No. 9 at 6–9.) Defendant argues that Plaintiff cannot bring a substantive due process claim when another, more specific constitutional provision covers the allegedly violated right. Count II of Plaintiff's complaint is based on Defendant's use of "excessive and unlawful force . . . during the detainment and arrest of Plaintiff on July 15, 2017, resulting in serious bodily injuries." (ECF No. 1 at 5.) It alleges claims based on Article III, Section 10 of the West Virginia Constitution, which corresponds with the federal Constitution's due process clause, and Article III, Section 6 of the West Virginia Constitution, which corresponds with the federal Constitution's Fourth Amendment protections against unreasonable searches and seizures. (*See id.*)

Plaintiff contends that West Virginia law recognizes a private right of action for state constitutional violations, including claims brought pursuant to Article III, Section 10. (ECF No. 14 at 2–4.) However, Plaintiff's response fails to address the Supreme Court's instruction that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the

3

Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original); *see United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (*Graham* . . . requires that if a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

Although the West Virginia Constitution may in some circumstances provide additional protections beyond those provided by the United States Constitution, *State v. Osakalumi*, 461 S.E.2d 504, 512 (W. Va. 1995), "the protections afforded West Virginia citizens under [Article III, Section 6 of the state constitution] are co-extensive with those provided in the Fourth and Fourteenth Amendments to the United States Constitution," *State v. Clark*, 752 S.E.2d 907, 920–21 (W. Va. 2013). Therefore, this Court concludes that the rule stated in *Graham* and reinforced in *Lanier* applies to state constitutional claims as well; that is, the protections afforded by substantive due process are "at best redundant" of those afforded by the more specific provisions of Article III, Section 6. *Graham*, 490 U.S. at 395 n.10. This Court has no reason to believe that the West Virginia Supreme Court of Appeals would apply a different rule in its construction of Article III, Section 10. As such, insofar as Count II relies on Article III, Section 10 of the West Virginia Constitution, it is **DISMISSED WITH PREJUDICE**.

B. *Negligence Claim*

Defendant also contends that he is entitled to immunity from suit with respect to Plaintiff's negligence claim against him. (ECF No. 9 at 3–6.) "Under the doctrine of qualified immunity, the discretionary actions of government agencies, officials and employees performed in an official capacity are shielded from civil liability so long as the actions do not violate a clearly established

law or constitutional duty." *W. Va. State Police v. Hughes*, 796 S.E.2d 193, 198 (W. Va. 2017).[1] This rule operates even when the "discretionary acts" that are the subject of the complaint were "committed negligently." *Maston v. Wagner*, 781 S.E.2d 936, 948 (W. Va. 2015). Therefore, in determining whether qualified immunity applies, the principal inquiry is whether a public official's conduct "violate[s] clearly established laws of which a reasonable official would have known" or is "fraudulent, malicious, or otherwise oppressive." *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 762 (W. Va. 2014) (quoting Syllabus, *State v. Chase Sec., Inc.*, 424 S.E.2d 591 (W. Va. 1992)). If so, then the official is not entitled to qualified immunity. *See* Syl. Pt. 5, *Maston*, 781 S.E.2d 936.

On the other hand, if the public official's alleged conduct does not "violate a clearly established statutory law or constitutional right" and is not "fraudulent, malicious, or otherwise oppressive"—*i.e.*, the claim is one of "mere negligence"—then the public official is entitled to qualified immunity "[i]n the absence of an insurance contract waiving the defense." *A.B.*, 766 S.E.2d at 762–64 (alterations and internal quotation marks omitted); *see Clark v. Dunn*, 465 S.E.2d 374, 380–81 (W. Va. 1995). Defendant argues that Plaintiff's claim is one of "simple" negligence and should thus be dismissed. (ECF No. 9 at 4.) However, despite the "negligence" label the complaint gives to those claims, Plaintiff alleges that Defendant's actions "were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff." (ECF No. 1 at 7.) Plaintiff further "incorporates by reference the allegations made in" his previously alleged claims, including those for excessive force and battery. (*Id.*) In other words, Plaintiff alleges that Defendant engaged in "malicious" conduct that may constitute a

---

[1] The parties agree that Defendant was engaged in a discretionary function at the time of the incident described in Plaintiff's complaint. (ECF No. 14 at 7; ECF No. 15 at 5.)

violation of Plaintiff's constitutional rights.  (*See id.*)  Accordingly, this Court finds it inappropriate to dismiss the "negligence" claims as barred by qualified immunity at this time. Defendant's motion to dismiss Count VI of Plaintiff's complaint is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, (ECF No. 8), is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 20, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE